UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CRIMINAL ACTION NO. 09-CR-181-KKC

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                          **MEMORANDUM OPINION AND ORDER**

MEGAN COFFMAN,                                                                              DEFENDANT

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the Court on Defendant Megan Coffman's motion to dismiss based on the alleged unconstitutionality of 18 U.S.C. §§ 1956 and 1957 (DE 115). This motion has been fully briefed and is ripe for a decision. For the reasons set forth below, the Court will deny the Defendant's motion.

**I.      BACKGROUND**

Defendant Megan Coffman was charged in a multi-count superseding indictment along with a number of codefendants, including her husband, Bryan Coffman, an attorney (DE 44). Megan Coffman is named only in counts twenty through thirty-two. Count twenty alleges a conspiracy pursuant to 18 U.S.C. § 1956(h); count twenty-one alleges money laundering pursuant to 18 U.S.C. § 1956(a)(1)(B)(i); and counts twenty-two through thirty-two allege money laundering pursuant to 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

The Government alleges that Megan Coffman conducted financial transactions which involved the proceeds of specified unlawful activity–specifically, mail and wire fraud committed by Bryan Coffman. However, Megan Coffman argues that any such financial transactions involved bank accounts containing both lawful funds from Bryan Coffman's law practice and allegedly unlawful funds from his mail and wire fraud. Accordingly, Megan Coffman claims that since she "is

not alleged to have been involved in any of the underlying mail and wire fraud, she could not have distinguished between the lawful and/or unlawful funds" when she conducted the subject financial transactions. Based on this factual scenario, Megan Coffman argues that the money laundering statutes deprive her of her due process liberty right to conduct financial transactions, are unconstitutionally overbroad, are void for vagueness, and led to her being selectively prosecuted. The Court considers each of these arguments in turn.

## II.  ANALYSIS

### A. Due Process Claim

The Defendant first argues that the money laundering statutes "unconstitutionally infringe upon Coffman's and other similarly situated individuals' liberty rights to conduct lawful transactions, including financial transactions, with money that *may* have been co-mingled with unlawful [sic] obtained funds." (DE 115). However, the Defendant provides no legal support for the notion that she has a due process right to conduct financial transactions with money that may have been co-mingled with the proceeds of alleged specified unlawful activity by Bryan Coffman.

The Defendant may be implying that the Government must trace the funds involved in her alleged financial transactions under § 1956 to the specific allegations of mail and wire fraud against Bryan Coffman or else she is denied fundamental due process (DE 115). However, the Sixth Circuit has recognized that "the circuits have almost unanimously held that § 1956 money-laundering charges do not require the government to trace the monies to specific unlawful activity." *United States v. Jamieson*, 427 F.3d 394, 404 (6th Cir. 2005) (citing *United States v. Bencs*, 28 F.3d 555, 562 (6th Cir. 1994)). In other words, "not all of the money involved in the transactions must be derived from the unlawful activity. When money from illegal sources is co-mingled with money from unspecified other sources, 'all such funds are attributable to the money laundering scheme.'"

2

*Jamieson*, 427 F.3d at 404 (quoting *United States v. Owens*, 159 F.3d 221, 229 (6th Cir. 1998)). Furthermore, despite the Defendant's speculation, the Government may prove at trial that there is no co-mingling problem and that the Defendant's alleged financial transactions involved only the proceeds of the alleged specified unlawful activity by Bryan Coffman. For all of these reasons, the Court rejects the Defendant's vague due process claim.

### B. Overbreadth Challenge

The Defendant next argues, without citing applicable case law, that the money laundering statutes are unconstitutionally overbroad (DE 115). Although the Defendant claims that she and other similarly situated individuals "could be charged and convicted of money laundering under 18 U.S.C. §§ 1956 and 1957 based on mere suspicion or, perhaps, negligence," her alleged conduct involves financial transactions which are not subject to an overbreadth challenge.

According to the Sixth Circuit, "[a] statute is overbroad when it includes within its prohibitions activities that are constitutionally protected." *Connection Distributing Co. v. Reno*, 154 F.3d 281, 292 (6th Cir. 1998) (citing *Grayned v. City of Rockford*, 408 U.S. 104 (1972)). However, "facial constitutional challenges relying on the overbreadth doctrine, and the resultant chilling effect such overbreadth has on speech, are limited to the First Amendment sphere." *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 834 (6th Cir. 2001) (citations omitted). Furthermore, the Sixth Circuit has recognized that a challenge to money laundering under 18 U.S.C. § 1956 "does not implicate the First Amendment." *United States v. Johnson*, 1992 WL 162562, *1 (6th Cir. 1992); *see also United States v. Kaufman*, 985 F.2d 885, 895 (7th Cir. 1993) (citing case law which holds that money laundering "is not open to an overbreadth analysis"). Accordingly, since § 1956 does not implicate constitutionally protected conduct, the Court rejects the Defendant's argument that the money laundering statutes are unconstitutionally overbroad.

3

**C. Void for Vagueness Challenge**

The Defendant next argues, without citing applicable case law, that the money laundering statutes are void for vagueness "since ordinary individuals, such as Coffman, are not provided sufficient notice of what conduct is prohibited and, therefore, [the statutes] may lead to arbitrary and discriminatory enforcement." (DE 115). However, the Defendant's argument is premature.

According to the Sixth Circuit, "[t]he vagueness of statutes that do not threaten first amendment interests is examined in light of the case at hand." *United States v. Loehr*, 966 F.2d 201, 204 (6th Cir. 1992); *see also Johnson*, 1992 WL 162562, at *1. Therefore, this Court must judge the money laundering statutes for vagueness "in [their] application in this case." *Johnson*, 1992 WL 162562, at *1; *see also United States v. Jackson*, 935 F.2d 832, 838 (7th Cir. 1991) (noting that the money laundering statutes are judged for vagueness "on an as-applied basis"). Accordingly, the Court finds that it cannot determine whether the money laundering statutes are void for vagueness as applied to the Defendant until the Government puts on its case-in-chief. Thus, the Court will deny as premature the Defendant's argument that the money laundering statutes are void for vagueness.[1]

**D. Selective Prosecution Claim**

Finally, the Defendant claims that she was unfairly selected for prosecution in this case (DE 115). Specifically, the Defendant alleges that the Government charged her with money laundering because Bryan Coffman refused to plead guilty, because of the significant imprisonment and forfeiture penalties, and in hopes of turning her into a witness against her husband (DE 115).

---

[1] The Court notes for the record that the Defendant cites no case law which holds that the money laundering statutes are void for vagueness, either on their face or as applied in another case. However, the Court is aware that the Sixth Circuit has found that the money laundering statutes are not unconstitutionally vague. *See e.g., Loehr*, 966 F.2d at 204; *Johnson*, 1992 WL 162562, at *1 ("we follow the Seventh Circuit which has examined the money laundering statute, 18 U.S.C. § 1956, and found it constitutional").

However, the Defendant provides no legal support for her assertions.

According to the Sixth Circuit, "[t]he standard a defendant asserting selective prosecution must meet to establish at least a prima facie case is that [she] has been singled out while similarly situated violators are left untouched and that [her] selection was unfairly discriminatory or made in bad faith." *United States v. McMullen*, 755 F.2d 65, 66 (6th Cir. 1984); *see also United States v. Armstrong*, 517 U.S. 456, 465 (1996). In this case, the Defendant has offered no evidence that others similarly situated were not prosecuted and has provided only speculation as to the Government's motivations in bringing its case. Therefore, the Court rejects the Defendant's selective prosecution claim as baseless.

III. CONCLUSION

For the reasons set forth above, Defendant Megan Coffman's motion to dismiss (DE 115) is **DENIED** as follows:

(1) Defendant's claim that the money laundering statutes are void for vagueness as applied to her is **DENIED AS PREMATURE**; and

(2) Defendant's motion is **DENIED OUTRIGHT** in all other respects.

Dated this 1st day of November, 2010.

**Signed By:**

*Karen K. Caldwell*

**United States District Judge**