UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | CRIMINAL NO. 5:09-181 |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| REAL PROPERTY AND RESIDENCE | ) | |
| LOCATED AT | ) | |
| 4816 CHAFFEY LANE, et al., | ) | |
| Defendant | ) | |

This matter is before the Court on the Motion to Stay filed by Baniel, LLC and Megan Coffman [DE 444]. In their motion, Baniel and Megan Coffman request that this Court stay its order granting the Joint Motion for an Interlocutory Sale of a yacht owned by Baniel which is, in turn, solely owned by Megan Coffman.

The government seized the yacht in October 2008 in connection with a criminal action. In that action, Megan Coffman and her husband, Bryan Coffman, were indicted on money laundering charges. After a trial, the jury acquitted Megan Coffman of the charges but convicted her husband of various charges including money laundering. Among the various charges upon which Bryan Coffman was found guilty was a charge that he committed money laundering by purchasing the yacht in Baniel's name with the proceeds of mail and wire fraud.

In the criminal action, the government seeks forfeiture of the same assets that are the subject of this civil forfeiture action. The Court has now consolidated the civil and criminal actions.

There is no dispute that Bank of America has a superior interest in the yacht

secured by a mortgage. Nor is there any dispute that Baniel is in default on the mortgage. Thus, this Court ordered the yacht sold pursuant to Rule G(7)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions which permits the Court to order an interlocutory sale of the defendant property in a civil forfeiture action in certain situations including where the owner is in default on a mortgage on the property. The Government and Bank of America represent that the proceeds from the sale will be used to satisfy the mortgage. The balance of the note is approximately $637,000.

The parties disagree as to the standard to be applied in determining whether a stay of the order of sale is appropriate. Baniel and Megan Coffman argue that the Court should apply the standard applicable to criminal forfeiture actions set forth in 21 U.S.C. § 853(h), which provides, in pertinent part, the following:

> Following the seizure of property ordered forfeited under this section, the Attorney General shall direct the direct the disposition of the property by sale or any other commercially feasible means, making due provisions for the rights of any innocent persons. . . . *Upon application of a person, other than the defendant or a person acting in concert with him or on his behalf,* the court may restrain or stay the sale or disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture, *if the applicant demonstrates that proceeding with the sale or disposition of the property will result in irreparable injury, harm, or loss to him.*

21 U.S.C. § 853(h) (emphasis added).

The government also argues that the Court should apply a criminal-forfeiture standard but argues the court should apply the standard set forth in *United States v. Clark*, No. 05-80810, 2007 WL 1140913 (E.D. Mich. 2007) and *United States v. Hronek*, No. 5:02-CR-142, 2003 WL 23374653 (N.D. Ohio 2003). Each of those cases involved a criminal defendant himself -- not a third party as § 853(h) provides -- moving to stay an order of forfeiture while his criminal conviction was on appeal as provided in Federal

2

Rule of Criminal Procedure 32.2(d). In resolving the issue, the factors the courts considered were: 1) the likelihood of success on appeal; 2) whether the forfeited asset is likely to depreciate over time; 3) the forfeited asset's intrinsic value to the defendant; and 4) the expense of maintaining the forfeited property. *Hronek*, 2003 WL 23374653, at *1.

The order at issue in this case is an interlocutory order of sale of the defendant property in a civil forfeiture action. Neither of the parties has addressed the standard that applies on a motion to stay such an order pending appeal. Nor has the Court found any case addressing this issue.

Generally, in civil actions, in determining whether to stay an order pending appeal, the Court must balance four factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001) (citing *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). These four factors "are not prerequisites but are interconnected considerations that must be balanced together." *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006) (citing *Griepentrog*, 945 F.2d at 153).

Because this is a civil forfeiture action, the Court will apply the standard applicable to civil actions. This standard requires the Court to consider the only factor that Baniel and Megan Coffman ask the Court to consider. That is the single factor set forth in 21 U.S.C. § 853(h): whether proceeding with the sale or disposition of the property will result in irreparable injury, harm, or loss to Baniel and Megan Coffman.

The civil-action standard also requires the Court to consider three additional factors.

As to the likelihood of Baniel and Megan Coffman succeeding on appeal, this factor weighs against issuing the stay.  Rule G(7)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides that this Court may issue an interlocutory order directing that the defendant property in a civil forfeiture action be sold if the owner is in default on the mortgage on the property. This rule "recognizes the authority, already exercised in some cases, to order sale of property subject to a defaulted mortgage or to defaulted taxes." Committee Notes on Supplemental Rule G(7)(b) for Admiralty or Maritime Claims and Asset Forfeiture Actions.

There is no dispute that Baniel is in default on the mortgage which is held by Bank of America. Nor is there any dispute that Bank of America has a superior interest in the yacht. In their reply brief, Baniel and Megan Coffman do not dispute that this Court's order is permitted by the plain language of Rule G(7)(b)(i).  They argue only that "the Government's entitlement to any proceeds if the Yacht is sold will be subject to substantial dispute."  That may well be true but there is no dispute that Bank of America is entitled now to force a sale of the yacht and that it has a right to any proceeds up to the balance remaining on the note. Any dispute about the proceeds remaining after the satisfaction of the note has no bearing on whether the yacht should be sold because Baniel has defaulted on the mortgage.

Further, under Rule G(7)(b)(i), this court has "considerable discretion, which implies a deferential standard of appellate review." *United States v. Approximately 81,454 Cans of Baby Formula*, 560 F.3d 638, 641 (7th Cir. 2009).  Given that discretion, the fact that the Court's order complies with the plain language of the rule, and that there

are no relevant disputed facts, the order of sale will likely be upheld on appeal.

Neither Baniel nor Megan Coffman will be irreparably harmed absent a stay. Baniel and Megan Coffman argue that the yacht is "unique" and, thus, they will be irreparably harmed if the yacht is sold. Again, however, there is no dispute that Baniel is in default on the mortgage and that, absent these forfeiture proceedings, Bank of America could have already foreclosed on the yacht. Thus, Baniel has no right to the yacht itself. At best, Baniel would have a right to any proceeds remaining after the note is paid and that right has no bearing on whether the yacht should be sold.

In fact, selling the yacht will benefit Baniel because the proceeds will be used to pay off its note to Bank of America and spare it additional fees and penalties from the defaulted loan. The United States, on the other hand, will be harmed if the yacht is not sold because it will continue to incur expenses in maintaining and storing the boat. Finally, the public interest is served by selling the yacht. The use of taxpayer money to maintain and store the yacht is unnecessary in a case like this where there is no dispute that the owner of the defendant property is in default and Bank of America has a right to foreclose on the yacht.

For all these reasons, the Court hereby ORDERS that the Motion to Stay [DE 444] filed by Baniel, LLC and Megan Coffman [DE 444] is DENIED.

Dated this 20th day of April, 2012.



**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**